## George A. Hodges *versus* Laura P. Holland, Administratrix.

The indorsee of a witnessed promissory note may maintain an action thereon, for his own use, in the name of the payee, against the maker, after the expiration of six years from the time when the cause of action accrued, if such action is brought with the consent of the payee, or he makes no objection thereto.

This was an action on a promissory note made by Samuel M. Holland, the defendant's intestate, dated July 19th, 1826, and payable to the plaintiff or his order, on demand, with interest.

Hodges
*v.*
Holland.

The defendant having pleaded the statute of limitations, the plaintiff replied, that the note was attested by a witness, and that the action was brought by the original promisee. The defendant rejoined, that the plaintiff, on the 9th of May, 1829, for a valuable consideration, indorsed the note to Jonathan Hodges, Samuel Wheelwright and Daniel Wheelwright, and that this action was brought colorably, and with the intent to evade the statute of limitations. To this rejoinder the plaintiff demurred.

*March 9th.*　　C. P. and *B. R. Curtis,* for the plaintiff, cited *Lamb* v. *Clark,* 5 Pick. 193.

*Aylwin* and *Paine,* for the defendant, cited *Mosher* v. *Allen,* 16 Mass. R. 452 ; *Russell* v. *Swan,* 16 Mass. R. 314 ; *Frye* v. *Barker,* 4 Pick. 382 ; *Smith* v. *Dunham,* 8 Pick. 246 ; *Herrick* v. *Carman,* 10 Johns. R. 224 ; *Baker* v. *Wheaton,* 5 Mass. R. 509 ; *Sherwood* v. *Roys,* 14 Pick. 172 ; *Olcott* v. *Rathbone,* 5 Wendell, 490 ; *Dugan* v. *United States,* 3 Wheaton, 172.

*March 20th.*　　PUTNAM J. delivered the opinion of the Court. The question arising upon the general demurrer is, whether the indorsees of a witnessed promissory note may, with the consent, or without any objection, of the payee and indorser, maintain an action in his·name, but for the use of the indorsees, against the maker, after the expiration of six years from the time when the cause of action accrued.

It has been determined in the case of *Mosher* v. *Allen,* 16 Mass. R. 451, that such a suit cannot be maintained against the will of the payee. But it is not pleaded or proved in the case at bar, that this action is carried on against the will of the payee. It is pleaded, that it is sued for the benefit of the indorsees, the holders ; and it is said, that the action is brought in the plaintiff's name colorably and with intent to evade the statute of limitations. There is no suggestion of any fraud in the case. And, as the property passed to the indorsees by the indorsement, it is very difficult to perceive any good reason why they should not recover all that the payee could recover, if the payee does not interpose and disavow the suit ; and if the maker of the note is not prejudiced in regard to any set-off or other legal or equitable defence.

The act for the limitation of actions which passed in the political year, 11 *Geo.* 3, contains the first exception of witnessed promissory notes from the operation of the statute. That act was passed on the 6th of September, 1770. There is no such provision in the English limitation act of 21 *Jac.* 1, nor in any of the provincial acts in the time of George 2.

By the provision in 11 *Geo.* 3, *c.* 1, § 7, promissory notes which were witnessed, were not within the statute, or subject to any other than the common law limitation arising from the unexplained presumption of payment from the lapse of twenty · years.

The provision was, "that this act shall not extend to bar any action hereafter brought upon any note in writing made and signed by any person or persons, and attested by one or more witnesses, &c., but all actions upon such notes shall be maintained as if this act had never been made, any thing to the contrary notwithstanding."

That act went into operation on the 1st of December, 1770. The revolutionary war soon followed ; and by the statute of Massachusetts of 1776, *c.* 25, the operation of the statute of 1770 was "stayed and suspended." It was recited in the preamble, that it would operate unjustly in regard to many persons who were absent in the service of the country. It was therefore stayed and suspended to the 1st of December, 1778 ; and by the statute of 1778, *c.* 5, it was suspended to the 1st of November, 1782. It then went into and continued in operation until February 1783, three months ; and by the statute passed on the 7th of February, 1783, the operation was suspended until the 1st of November, 1787 ; but it was repealed by the statute of limitations of 1786, *c.* 52, which was passed on the 13th of February, 1787, and the provision touching witnessed notes was modified ; and it was enacted by the 5th section, that all actions upon such notes brought by the original promisee, his executor or administrator, should and might be maintained as if that act had never been made. One manifest reason for the alteration of the law as expressed by that section, seems to be, to protect the maker in his claims which ought to be set off against such notes ; which, not being within the statute of 1770, might be sued, after a great lapse

of time, in the name and for the use of the indorsee. But this action is brought in the name of the original promisee. The words of the *St.* 1786, *c.* 52, § 5, are satisfied. It does not require, that the action shall be brought by the promisee for his own use or otherwise, but he may maintain the action and recover all the money which should be due upon a litigation between the original parties. And it is of no sort of consequence to the maker, whether the promisee shall put the money into his own pocket for his own use, or pay it over honestly to him to whom it has been legally or equitably transferred. That is a consideration with which the promisor has no concern ; and if, as in the case at bar, the action is brought for the benefit of the indorsee and *bonâ fide* holder, without any objection on the part of the payee, it furnishes no legal or equitable defence for the maker. He is not prejudiced. He may prove, if he can, that the note was paid before it was indorsed, and so was *functus officio.* He has all the rights of set-off and every legal and equitable defence which he could have, if the promisee was eventually to keep the money for his own use.

In coming to this result, we only affirm the provision in the 5th section of the statute of 1786, by declaring, that notes witnessed are not within the statute of limitations, when sued in the name of the promisee. It seems to us to be an impertinent inquiry for the promisor to make, as to the use which the plaintiff should make of the money if he should recover. As before said, that is a matter with which the promisor has no concern.

We are all of opinion, that the judgment should be given for the plaintiff, upon the demurrer.